UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MAFCOTE, INC. PLAINTIFF

v. CIVIL ACTION NO. 3:08-CV-11-S

FEDERAL INSURANCE COMPANY DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on the motion for attorney fees, costs, and litigation expenses of defendant Federal Insurance Company ("Federal") (DN 92). On December 29, 2010, this court entered a memorandum opinion and order (DNs 88 & 89) dismissing this case as the result of discovery violations by plaintiff Mafcote, Inc. ("Mafcote"). In a previous order, entered May 12, 2010 (DN 66), we had also entered financial sanctions against Mafcote, also as the result of discovery violations. Federal now moves for additional sanctions pursuant to FED. R. CIV. P. 26(g), FED. R. CIV. P. 37(b), 28 U.S.C. § 1927, and this court's inherent powers.

**I. Jurisdiction and Timeliness**

Mafcote first argues that we may not consider Federal's motion because Mafcote has appealed our order dismissing this case. Mafcote correctly notes that "[a] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, a "district court retains jurisdiction to resolve a motion for attorneys fees or sanctions even while an appeal of the merits is pending in the court of appeals." *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir. 1988) (superseded on other grounds by rule and statute as recognized

in *Vance, by and Through Hammons v. United States*, 182 F.3d 920 (6th Cir. 1999) (unpublished table opinion), 1999 WL 455435 at *6).

Mafcote nonetheless contends that we lack jurisdiction because the issue on appeal – whether dismissal of its case for discovery violations was proper – is inextricably intertwined with the issues raised in Federal's current motion. We disagree. The grounds Federal raises in its current motion and the relief it seeks are different from the relief sought and granted in this court's December 29 order.
Although both Mafcote's appeal and Federal's motion raise issues pertaining to Mafcote's discovery conduct, Federal's pending motion is based on different grounds and seeks different relief than its prior motion. We conclude that Mafcote's appeal did not divest us of jurisdiction over Federal's motion.

Our conclusion on this point is bolstered by the fact that the Sixth Circuit Court of Appeals apparently anticipated that this court would consider Federal's motion. After filing its notice of appeal with the Sixth Circuit, Mafcote filed a motion with the Court of Appeals to hold its appeal in abeyance so that this court could rule on Federal's pending motion for attorney's fees. The Sixth Circuit denied Mafcote's motion for a stay, explaining that if additional appeals were filed from new orders entered by this court, the appeals would be consolidated for submission to the same hearing panel. This order thus appears to contemplate that this court would – and should – rule on Federal's motion.

Second, Mafcote argues that Federal's motion is untimely. Joint Civil Local Rule 54 provides that motions for attorney's fees and related nontaxable litigation expenses, pursuant to FED. R. CIV. P. 54(d)(2), must be filed no later than 30 days after the entry of judgment. Federal complied with

this deadline, filing its motion exactly 30 days after the entry of judgment. However, Mafcote contends that Federal's motion for attorney's fees should actually be construed as a motion to alter or amend a judgment pursuant to Rule 59(e), which must be filed within 28 days of the judgment. Mafcote's contention rests primarily on the fact that Federal requested attorney fees in the proposed order accompanying its motion to dismiss, but the court did not grant them. Thus, according to Mafcote, we have implicitly denied Federal's request for additional attorney's fees. However, we neither considered nor addressed Federal's request for attorney's fees in our December 29 opinion and order. We simply passed no judgment on the issue. Moreover, Federal's current motion seeks sanctions on additional grounds than those raised in its motion to dismiss, which further undermines Mafcote's argument that Federal is moving to alter or amend a prior opinion. It is impossible to alter or amend a judgment that does not exist, and we therefore reject Mafcote's attempt to cast Federal's motion as an untimely one brought under Rule 59(e).

## II. Federal's Motion for Sanctions

### 1. Rule 26(g)(3) Sanctions

Federal Rule of Civil Procedure 26(g) requires an attorney or party to certify, among other things, that initial disclosures and pretrial disclosures under FED. R. CIV. P. 26(a)(1) and 26(a)(3) are "complete and correct as of the time . . . made," FED. R. CIV. P. 26(g)(1)(A), and that discovery responses and objections are, among other things, "not intended for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ." FED. R. CIV. P. 26(g)(1)(B)(ii). Rule 26(g)(3) sets out the penalty for a violation of the Rule 26 certification requirement:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party

on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Federal cites three grounds for Rule 26 sanctions against Mafcote: Mafcote's incorrect and incomplete responses to Federal's Interrogatory 14, which asked Mafcote to identify any and all insurance claims made by Mafcote from 2000 to 2008 arising out of its Louisville, Kentucky facility; Mafcote's refusal to produce all documents related to *Brown v. Royal Consumer Products*; and Mafcote's insufficient privilege logs.[1]

We will deny Federal's motion for sanctions under Rule 26(g)(3) because, in our view, Federal is asking us to sanction Mafcote for conduct for which it has already been sanctioned. As Federal itself points out, we examined the actions of which Federal complains in detail in our December 2010 opinion. *See* DN 88. We concluded that these behaviors, for the reasons set forth in our opinion, warranted dismissal of Mafcote's complaint. Mafcote has thus already paid a heavy price for the actions Federal cites. Although Rule 26 requires this court to impose a sanction for Rule 26 violations, the sanction must only be "appropriate." *See* FED. R. CIV. P. 26(g)(3). We believe that Mafcote has already received an "appropriate" punishment for this conduct, in the form of the dismissal of its case. Federal's motion for Rule 26(g)(3) sanctions will be denied.

**2. Rule 37(b) Sanctions**

Federal Rule of Civil Procedure 37(b) sets forth the penalties for a party's failure to comply with a court's discovery order, including dismissal of the proceeding in whole or in part. FED. R. CIV. P. 37(b)(2)(A). Rule 37(b) also provides:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses,

---

[1] Federal claims that, as a result of these actions, it incurred $93,570.50 in attorneys' fees between September 2008 and December 29, 2010.

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(b)(2)(C).

We agree with Federal that such an award is mandatory, *see Tech. Recycling Corp. v. City of Taylor*, 186 Fed. App'x 624, 638 (6th Cir. 2006) (unpublished), but not in situations where "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). This is such a situation. Mafcote has already been dealt a financial sanction of $11,565. And it has been hit with the "extreme sanction of dismissal" as well. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). These penalties are sufficient to both penalize Mafcote for its conduct and "to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* We do not believe that imposing additional penalties – especially penalties so sweeping as the ones requested by Federal[2] – would be just here. Accordingly, Federal's motion will be denied.

**3. Sanctions Pursuant to 28 U.S.C. § 1927**

28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

---

[2]Federal requests that we award $59,288 in attorney's fees as the result of its preparation of nine different filings: (1) its objections to the Magistrate Judge's report and recommendation (DN 62); (2) its reply in support of its objections (DN 64); (3) its bill of costs (DN 67); (4) its response to Mafcote's objection to its bill of costs (DN 71); (5) its response to Mafcote's motion for reconsideration (DN 73); (6) its successful second motion to dismiss for discovery non-compliance (DN 74); (7) its reply in support of its second motion to dismiss (DN 85); (8) its response to Mafcote's moot motion for leave to file medical records (DN 86); and (9) its current motion for attorney's fees, costs, and expenses (DN 92).

Whether fees should be awarded pursuant to 28 U.S.C. § 1927 rests in the sound discretion of the trial court. *Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986). Here, we make no judgment as to whether the filings to which Federal points were "unreasonable or vexatious," but again find that, in light of the fact that Mafcote has already been sanctioned by dismissal of its case, an award of additional fees is not warranted.

**4. Sanctions Pursuant to This Court's Inherent Powers**

In addition to the remedies provided under the Federal Rules and § 1927, this court has the inherent power to award attorneys's fees and expenses for conduct "which abuses the judicial process." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). While, again, we make no finding as to whether Mafcote's conduct abused the judicial process, we believe that imposing additional sanctions in the form of attorneys' fees and expenses would be inappropriate. We decline to exercise our inherent powers in this fashion.

**5. Taxable Costs**

Finally, Federal claims that, as the prevailing party, it is entitled to its taxable costs pursuant to 28 U.S.C. § 1920(1) and FED. R. CIV. P. 54(d)(1). Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." 28 U.S.C. § 1920(1) provides that taxable costs include "[f]ees of the clerk and marshal." Because Federal was the prevailing party in this case, we conclude that it is entitled to payment of the $350.00 filing fee it paid to remove this case from state court. Mafcote argues that Federal's motion is untimely, but fails to provide any reasoned explanation why this is so.[3] We will grant Federal's motion on this count.

---

[3]In the portion of its brief addressing Federal's motion for fees and costs, Mafcote directs
(continued...)

For the foregoing reasons, Federal's motion for sanctions will be denied, although its motion for taxable costs will be granted. A separate order will issue in accordance with this opinion.

August 24, 2011

**Charles R. Simpson III, Judge**
**United States District Court**

---

[3](...continued)
this court to Section II of its brief, which addressed the timing of Federal's motion and whether it should have been brought as a Rule 59(e) motion. There is no discussion whatsoever of Rule 54(d)(1).